UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ZIOMBER,

     Plaintiff,                                         Case No. 08-14729

v.                                                         Honorable John Corbett O'Meara

UNITED STATES POSTAL SERVICE,

     Defendant.
                                                           /

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on Defendant's April 21, 2009 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff Michael Ziomber filed a response to the motion to dismiss on September 25, 2009. Defendant filed a reply on September 29, 2009; and Plaintiff filed a sur-reply brief in opposition to Defendant's motion on October 13, 2009. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

## **BACKGROUND FACTS**

Plaintiff Michael Ziomber was hired by the United States Postal Service in 1988 to perform the job of letter carrier in New York. He sustained an injury after he slipped and fell while delivering a package on December 28, 1990. This injury temporarily rendered him totally disabled, and he began collecting wage replacement benefits through the Office of Workers Compensation Programs (OWCP) beginning on April 23, 1991. In July 1991, Plaintiff accepted a limited duty assignment at the Postal Service but reinjured himself shortly thereafter. Following a series of medical examinations, Plaintiff was found fit for restricted duty and was offered a

1

light-duty job by the Postal Service which would require him to work within the limitations identified by a referee medical examiner. Plaintiff declined the offer on the advice of his own treating physician.

Because he rejected the light-duty job offered by the Postal Service, Plaintiff's disability benefits were terminated by OWCP. Over the next few years, Plaintiff filed several applications for reconsideration of this decision. Pursuant to a 1994 settlement, Plaintiff was carried in a leave without pay (LWOP) status until final disposition of his case with OWCP.

Subsequently, Plaintiff applied for disability retirement under the Federal Employees' Retirement System. The Office of Personnel Management (OPM) approved Plaintiff's application in February 2000. In July 2005, Plaintiff's treating physician concluded that Plaintiff was able to return to full duty at the Postal Service. On September 5, 2006, Plaintiff, then residing in Michigan, recommenced employment with the Postal Service as a Part-Time Flexible Letter Carrier, subject to the successful completion of a 90-day probationary period. During the probationary period, however, the Postal Service was not content with Plaintiff's performance and terminated his employment effective November 7, 2006.

Plaintiff is a member of the National Association of Letter Carriers, AFL-CIO, a union that is party to a collective bargaining agreement with the Postal Service. After being terminated, he filed three separate grievances through the union on December 2, 2006 – one contesting his reinstatement as a probationary employee, one questioning whether management had established "just cause" in terminating his employment, and one claiming that the Postal Service had retaliated against him after he had disclosed timekeeping irregularities to the union. The first grievance proceeded through the joint union-Postal Service dispute resolution process to arbitration where

the arbitrator found in favor of the Postal Service. The other two grievances were also addressed in the joint union-Postal Service dispute resolution process, but Plaintiff subsequently withdrew his request to have those matters arbitrated.

Plaintiff later appealed his cases to the Merit Systems Protection Board (MSPB) to contest (1) his removal/termination, and (2) his rights to restoration following his recovery from injury. Both actions were dismissed by an MSPB Administrative Law Judge for lack of jurisdiction. At that time, Plaintiff was informed of his right to petition for review of these decisions, either to the full MSPB or to the United States Court of Appeals for the Federal Circuit. Plaintiff did not appeal to those bodies but instead filed this suit on November 7, 2008, claiming that the Postal Service did not properly credit him for the time and benefits lost as a result of his injury; that the Postal Service "blackmailed" him on various occasions; and that the Postal Service, through certain unnamed individuals, harassed him.

## LAW AND ANALYSIS

First, to the extent that Plaintiff is essentially petitioning this court to review decisions of the MSPB, his petition must be denied. The law is clear on this issue. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of an appeal from a final order or final decision of the Merit Systems Protection Board. 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1); *See also* Woods v. United States Postal Service, 2006 WL 199703. at *1 (E.D. Mich. Jul. 17, 2006) ("[A]ny appeal from the MSPB's decision must be filed in the Court of Appeals for the Federal Circuit within sixty days . . . . A district court is not the proper forum to consider [such] a challenge . . . .").

Second, to the extent that Plaintiff now raises new claims that were not considered by an

3

arbitrator and/or the MSPB, these claims should also be dismissed because Plaintiff failed to exhaust his remedies under the applicable collective bargaining agreement (CBA) and EEO process.

In his complaint, Plaintiff raises a number of other unspecified claims relating to alleged "blackmail," harassment, and improper pay.  During the events at issue in this case, the union and the Postal Service were parties to a collective bargaining agreement that provided for a sweeping "grievance-arbitration" procedure for any "dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment."  The CBA provided a system for resolving disputes between union members and the Postal Service which the Plaintiff failed to utilize.  As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt to use the contract grievance procedure agreed upon by the employer and union as the mode of redress. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965).  Indeed, Congress has expressly approved contract grievance procedures as a preferred method for settling labor disputes.  Id. at 653.  Further, unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf before turning to the judiciary.  Id. Here, it is clear that with regard to these claims, the plaintiff has not done that.  When an employee resorts to the courts before the grievance procedures agreed upon by employer and union have been fully exhausted, the employer may defend on the ground that the exclusive remedies provided by such a contract have not been exhausted.  *See* Vaca v. Sipes, 386 U.S. 171, 184 (1967).  Accordingly, since the plaintiff has not exhausted the grievance procedures available to him, this court will dismiss his complaint.

Finally, Plaintiff claims to have been "harassed" by the Postal Service but provides no specific factual allegations as to how the Postal Service allegedly did so, stating only that they "excessively followed him in the field and creat[ed] false evaluations." Compl. at prgh 8.  To the extent that Plaintiff was concerned about harassment, he was required to exhaust his internal remedies before proceeding to federal court, in this case through the Postal Service's EEO process. Under Title VII, the exclusive remedy for claims of discrimination in federal employment, a complainant must have first exhausted his or her administrative remedies before filing a claim in federal court.  Steiner v. Henderson, 354 F.3d 432, 434 (6th Cir. 2003).  In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations.  Id. at 434-35.  According to 29 C.F.R. § 1614.105(a)(1), a federal employee claiming discrimination must contact an Equal Employment Opportunity counselor within forty-five days of an alleged discriminatory occurrence.  Id. at 435.  Failure to do so is cause for dismissal of the complaint by the agency as well as by the district court.  Id.  Since Plaintiff has not shown or even claimed that he followed the necessary procedures with regard to his claims of harassment, this court will dismiss his complaint.

## ORDER

It is hereby **ORDERED** that the defendant's April 21, 2009 motion to dismiss is **GRANTED**.

Date: December 08, 2009                                        s/John Corbett O'Meara
                                                               United States District Judge

    I hereby certify that a copy of this order was served upon the parties of record on this date, December 08, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager
