UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ZIOMBER,

        Plaintiff,

Case No. 08-14729

Honorable John Corbett O'Meara

v.

UNITED STATES POSTAL SERVICE,

        Defendant.
        _____/

## ORDER DENYING PLAINTIFF'S DECEMBER 18, 2009 MOTION FOR RECONSIDERATION

This matter came before the court on plaintiff Michael Ziomber's December 18, 2009 motion for reconsideration of the court's December 8, 2009 order granting Defendant's motion to dismiss. Pursuant to Local Rule 7.1(g)(2), no response was filed and no oral argument was heard.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3).

In his motion for reconsideration, plaintiff Ziomber contends that the court "made a mistake in [its] timeline, thus rendering a decision that was innaccurate [*sic*]. Plaintiff's mot. at 2. Plaintiff argues that "[the court] has [its] Background Facts backwards," and that "[the court] is confused." Id. Further, "The Plaintiff suggests that [the court] go back and read the Plaintiff's briefs or the Defendants [*sic*] brief. . . . Obviously [the court] is confused and needs to reconsider this valuable information." Id.

Plaintiff contends the court was wrong when it stated that Plaintiff "was informed of his right for petition for review of these [previous] decisions, either to the MSPB or in the United States Court of Appeals for the Federal Circuit" and failed to do so, instead filing the this lawsuit November 7, 2008. However, Plaintiff has failed to show that he filed appeals to either the MSPB or the Federal Circuit.

Plaintiff argues that the court was wrong to state, "[T]o the extent that Plaintiff is essentially petitioning this court to review decisions of the MSPB, his petition must be denied." Plaintiff claims he "never petitioned this court to review the decisions of the MSPB." Id. at 3-4. A plain reading of the court's statement, however, shows that although Plaintiff may not have petitioned this court to review those decisions, he *essentially* was doing so. The court stands by its statement.

Plaintiff further argues that court is incorrect in finding that he failed to exhaust the grievance procedures available to him because "the Union was in control of the grievance procedures" and the "Union did not want to proceed with the grievances." Id. at 4. Plaintiff's argument, then, is with his union, not with this court's finding.

Finally, Plaintiff concedes that his argument regarding the court's dismissal of harassment claims "was made in the Plaintiff's reply brief." Id. at 4-5. Pursuant to the local rule, the court will deny a motion for reconsideration that presents the same issues ruled upon by the court.

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: April 12, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 12, 2010, using the ECF system and/or ordinary mail.

<pre>
                                        s/William Barkholz
                                        Case Manager
</pre>